UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TRAVIS RULE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04095-MMM |
| | ) | |
| BRYAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Dixon Correctional Center, pursues claims against Hill Correctional Center staff member Bryan.

I.     MERIT REVIEW

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff was in custody at Hill Correctional Center as a seriously mentally ill individual on August 16, 2024, on second shift, was suicidal, and was under the watch of Defendant Bryan. Plaintiff asked for a crisis team and Bryan refused. Bryan allowed Plaintiff to obtain fire-starting materials. Bryan then left his post for several hours. Plaintiff set fire to himself causing injuries.

"A prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff's allegations state a claim against Defendant Bryan. See *Gevas*, 798 F.3d at 480.

Plaintiff does not state a claim against Director Hughes or against Warden Baker as he has not alleged their individual involvement in the issues he experienced.

II.     MOTION FOR COUNSEL

Plaintiff has asked for court assistance in finding an attorney.

This Court does not have the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or

been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff has not made a reasonable attempt to find counsel on his own and has not indicated that he is being prevented from doing so. First, there is no indication that Plaintiff does not have access to writing materials and to the mail. He has been in communication with the Court without apparent issue in this basic regard. Second, parties typically show they have made a reasonable attempt to find counsel by writing to several law firms that practice civil rights law on behalf of prisoners, explaining the specifics of this lawsuit, and asking for representation. Copies of those letters sent along with copies of the responses received may then be filed with any renewed motion to request counsel. Any renewed motion should also explain any specifics as to Plaintiff's ability to litigate this case, including his education, legal experience, and any other issues that bear on his ability to represent himself.

Plaintiff appears to have written to Land of Lincoln (a firm that does not represent prisoners), and the Uptown People's Law Center, who do represent prisoners, but their response indicates Plaintiff had asked for help regarding a medical or dental issue, rather than a failure to protect issue. Plaintiff must ask for help from firms that practice civil rights law and must ask for help specific to this lawsuit.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motions for Service of Process [5] is granted to the extent that the Court will attempt to serve Defendant.

2. Plaintiff's Motion to Request Counsel [6] is denied with leave to renew as stated above.

3. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Bryan. Defendants Baker and Hughes to be terminated. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

4. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for all Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect service, to include either sending another waiver form, or at the Court's discretion, effecting formal service through the U.S. Marshals Service on Defendants, which will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8. This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. **However, this does not apply to discovery requests and responses.**

Discovery requests and responses are not filed with the Clerk. Plaintiff MUST mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately inform the Court, in writing, of any change in Plaintiff's mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

12. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

Entered this 20th day of January, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
